UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW ELIOTT CRUMLEY, #869965,

    Petitioner,

v.

SHANE JACKSON,

    Respondent.
_____/

Case No. 17-cv-12497

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER (1) GRANTING THE MOTION TO STAY [3],
(2) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS,
AND (3) ADMINISTRATIVELY CLOSING THE CASE.**

Matthew Eliott Crumley ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction for armed robbery, MICH. COMP. LAWS § 750.529; and third degree fleeing and eluding a police officer, MICH. COMP. LAWS § 257.602a(3)(a). Dkt. No. 1, p. 1 (Pg. ID 1).

Petitioner has filed a motion to hold the petition in abeyance during the pendency of his appeal from the denial of his re-sentencing in the state trial court following a remand by the Michigan Court of Appeals. Dkt. No. 3. The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion. The Court administratively closes the case.

-1-

## I. Background

Petitioner was convicted by a jury in the Macomb County Circuit Court. *People v. Crumley*, No. 325712, 2016 WL 3542340, at *1 (Mich. Ct. App. June 28, 2016). Petitioner filed an appeal of right, raising claims that are included in his current habeas petition. *Id*. The Michigan Court of Appeals affirmed his conviction, but remanded the case to the Macomb County Circuit Court for the judge to determine whether petitioner should be re-sentenced, in light of the Michigan Supreme Court's decision in *People v. Lockridge*, 870 N.W.2d 502, 521 (Mich. 2015), which held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *Id*. Petitioner claims that his application for leave to appeal was rejected as being untimely filed by the Michigan Supreme Court. *See* Dkt. No. 1, p. 2 (Pg. ID 2); *People v. Crumley*, 880 N.W.2d 541 (Mich. 2016).

Petitioner claims that the trial court on remand denied his request to be re-sentenced. Dkt. No. 1, p. 7 (Pg. ID 7). Petitioner has filed an appeal from the denial of his request to be re-sentenced with the Michigan Court of Appeals, which remains pending with that court. *Id*.

On July 28, 2017, Petitioner filed a petition for writ of habeas corpus.[1] Petitioner seeks habeas relief on the four grounds that he raised before the Michigan Court of Appeals on his appeal of right. *Id.* at 6–11.

Petitioner has filed a motion to stay the proceedings and hold the petition in abeyance pending his appeal from the trial court's denial of his request to be resentenced. Dkt. No. 3.

## II. Discussion

A federal district court may exercise its discretion to hold in abeyance fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77–79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Bowling v. Haeberline*, 246 F. App'x. 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on July 28, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

In order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be a compelling reason to choose a dismissal over a stay. *Nowaczyk*, 299 F. 3d at 82 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 820 (1976)). *See also Bowling*, 246 F. App'x. at 306 (finding that the district court erred in dismissing petition containing only exhausted claims, rather than exercise its jurisdiction, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants Petitioner's motion to hold the petition in abeyance during the pendency of Petitioner's appeal from the denial of his request for re-sentencing. In so doing, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Further, "[i]f this Court were to proceed in parallel" while Petitioner was pursuing his re-sentencing appeal, "there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id*. Respondent will not be prejudiced by a stay, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings

in separate courts and, as noted, if this Court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas*, 89 F. Supp. 3d at 943.

Where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Thus, this Court imposes time limits within which Petitioner must proceed with his re-sentencing proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance during the pendency of Petitioner's appeal from the denial of his re-sentencing in the state courts. This tolling is conditioned upon Petitioner returning to federal court within sixty (60) days after the completion of any re-sentencing appeal in the Michigan appellate courts.[2] *See Hargrove v. Brigano*, 300 F. 3d 717, 721 (6th Cir. 2002).

---

[2] Where an appellate court in Michigan has remanded a case for some limited purpose following a defendant's appeal as of right in a criminal case, a second appeal as of right—limited to the scope of remand—lies from that decision on remand. *See People v. Kincade,* 522 N.W. 2d 880, 882 (Mich. 1994); *People v. Jones*, 231 N.W.2d 649, 650 (Mich. 1975).

### III. Order

Accordingly, the Court hereby **GRANTS** Petitioner's motion to stay and hold his habeas petition in abeyance. Dkt. No. 3.

The case is held in abeyance pending the completion of Petitioner's re-sentencing appeal in the state courts. Within sixty (60) days after the conclusion of Petitioner's appeal, Petitioner may move to amend his habeas petition to add his new claims. Otherwise, Petitioner must inform the Court that he will proceed with the petition as is. To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of Petitioner's petition. *See Thomas*, 89 F. Supp. 3d at 943–44.

**IT IS SO ORDERED.**

Dated: August 3, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge