UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CRUMLEY,

Petitioner,

v.

JACK KOWALSKI,

Respondent.

Case No. 17-cv-12497

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER (1) DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET; (2) AMENDING THE CAPTION IN THIS CASE; (3) ORDERING THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL; AND (4) DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE [#8]**

Petitioner Matthew Crumley filed a petition for writ of habeas corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit Petitioner to exhaust additional claims in the state court. *See* ECF No. 5. In his pro se application, Petitioner challenges his conviction for armed robbery, MICH. COMP. LAWS § 750.529, and third degree fleeing and eluding a police officer, MICH. COMP. LAWS § 257.602a(3)(a). *Id.* at PageID.30.

Petitioner filed a Request to Lift Stay on December 9, 2019. ECF No. 8. For the reasons set forth below, the Court will **GRANT** Petitioner's Request.

1

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g., Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Petitioner alleges that his claims have been exhausted with the state courts. The Court therefore orders that the original habeas petition be reopened.

Additionally, the caption in this case is amended to reflect that the proper respondent in this case, Jack Kowalski, is now the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006) ("The only proper respondent in a habeas case is the habeas Petitioner's custodian, which in the case of an incarcerated habeas Petitioner is the warden."); *see also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Clerk of the Court shall serve a copy of the habeas petition (ECF No. 1), as well as a copy of this Order, on Respondent and on the Michigan Attorney General's Office by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases. *See Coffee v. Harry,* No. 04-71209, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005). Respondent shall file an answer within one hundred and eighty days of the Court's order. 28 U.S.C. § 2243; *see also Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001). Additionally, Respondent is also ordered to provide this Court with the proper Rule 5 materials at the time he files his answer. *See Griffin*

v. *Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rule 5 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

Petitioner has forty-five days from the receipt of the answer to file a reply brief, if he so chooses. *See* Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

For the reasons articulated above, **IT IS ORDERED** that Petitioner's Request to Lift Stay [#8] is **GRANTED**.

**IT IS SO ORDERED**.

Dated: January 30, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager