UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CRUMLEY,

        Petitioner,                     Case No. 2:17-cv-12497

           v.                    UNITED STATES DISTRICT COURT JUDGE
                                    GERSHWIN A. DRAIN

JACK KOWALSKI,

        Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW THE PETITION FOR WRIT OF HABEAS CORPUS [#14]

### I.     INTRODUCTION

Matthew Crumley ("Petitioner"), presently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus filed pursuant to 28 U.S.C.§ 2254.  ECF No. 1.  Petitioner challenges his conviction for armed robbery, MICH. COMP. LAWS § 750.529; and third degree fleeing and eluding a police officer, MICH. COMP. LAWS § 257.602(a)(3)(a).  *Id.* at PageID.1.

Presently before the Court is Petitioner's Motion to Withdraw the Petition for Writ of Habeas Corpus.  ECF No. 14.  For the reasons that follow, the Court will **GRANT** Petitioner's Motion [#14] and will dismiss his Petition without prejudice.

## II.   BACKGROUND

Petitioner was convicted by a jury in the Macomb County Circuit Court. *People v. Crumley*, No. 325712, 2016 WL 3542340, at *1 (Mich. Ct. App. June 28, 2016).  Petitioner filed an appeal of right, raising claims that are included in his current habeas petition. *Id.*  The Michigan Court of Appeals affirmed his conviction, but remanded the case to the  Macomb County Circuit Court for the judge to determine whether Petitioner should be re-sentenced, in light of the Michigan Supreme Court's decision in *People v. Lockridge*, 870 N.W.2d 502, 521 (Mich. 2015).  In *Lockridge*, the Michigan Supreme Court held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial.  *Id.*  Petitioner claims that his application for leave to appeal was rejected as being untimely filed by the Michigan Supreme Court. *See* ECF No. 1, PageID.2; *see also People v. Crumley*, 880 N.W.2d 541 (Mich. 2016).

Petitioner claims that the trial court on remand denied his request to be re-sentenced.  ECF No. 1, PageID.7.  Petitioner has filed an appeal from the denial of his request to be re-sentenced with the Michigan Court of Appeals, which remains pending with that court.  *Id.*

On July 28, 2017, Petitioner filed a petition for writ of habeas corpus.[1] Petitioner seeks habeas relief on the four grounds that he raised before the Michigan Court of Appeals on his appeal of right. *Id.* at PageID.6–11. In his instant Motion, Petitioner seeks to withdraw his case. ECF No. 14.

### III.   LAW & ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41, a plaintiff may voluntarily dismiss a suit "upon order of the court and upon such terms and conditions as the court deems proper" after an answer or motion for summary judgment has been filed. Fed. R. Civ. P. 41(a)(2).   "[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993) (citation omitted).   A decision to grant or deny a voluntary dismissal is committed to the sound discretion of the district court. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). Rule 41(a) applies to habeas corpus proceedings. *See Williams*

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on July 28, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

*v. Clarke*, 82 F.3d 270, 272–73 (8th Cir. 1996); *Doster v. Jones*, 60 F.Supp.2d 1258, 1259 (M.D. Ala. 1999) (citing cases); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

In determining whether or not a habeas petitioner is entitled to voluntarily dismiss his petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F. 3d 1407, 1409 (10th Cir. 1993); *see also Cook v. New York State Div. Of Parole,* 321 F. 3d 274, 282 (2d Cir. 2003) (after state prisoner's § 2241 petition was converted by the court into a § 2254 petition, prisoner would be allowed the opportunity to withdraw his petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds).

The Court is cognizant that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." *See Felder v. McVicar,* 113 F. 3d 696, 698 (7th Cir. 1997).  Unlike the habeas petitioner in *Felder,* Petitioner filed his

4

motion to withdraw his habeas petition prior to any decision being rendered by the

Court.  There is also no indication that Petitioner's motion was filed in bad faith.

Accordingly, the Court will permit Petitioner to withdraw his petition for writ of

habeas corpus.

Petitioner's voluntary dismissal of his habeas action will completely terminate

the litigation in this case.  *See Long v. Board of Pardons and Paroles of Texas,* 725

F. 2d 306, 306 (5th Cir. 1984).  Because Petitioner is seeking to withdraw his habeas

petition pursuant to Federal Rule of Civil Procedure 41(a)(2), the dismissal will be

without prejudice.  *See Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich.

1979).

## IV.    CONCLUSION & ORDER

For the reasons discussed herein, it is **ORDERED** that Petitioner's Motion to

Withdraw the Petition for Writ of Habeas Corpus [#14].

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas

corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**.

Dated:  September 17, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Matthew Crumley, No. 869965, Kinross Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, Michigan 49786 on September 17, 2020, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Deputy Clerk